## In re DiMarzio

*Kenneth R. Weener,* for petitioner.

*in propria persona, Constance G. Miliken,* contra.

SUGERMAN, J., April 29, 1974.—Gloria Jean E. DiMarzio, a candidate for the office of Republican Committeewoman in the Ninth Precinct, Second Division of the Borough of West Chester, and a qualified elector of the Republican Party, filed with the court

a petition to strike the nomination petition of one Constance G. Milliken, also a candidate for the office of Republican Committeewoman in the same precinct and division, alleging such petition to be invalid in that the same does not contain the signatures of the required number of electors.

A third candidate, Kathryn E. S. Wood, has filed a nomination petition for the same office, in the same precinct and division, also the subject of a challenge in a separate proceeding.

Section 807 of the Pennsylvania Election Code[1] (hereinafter Election Code), provides that there may be a county committee for each political party in the county, the members of which shall be elected at the Spring primary election, or appointed, as the rules of the respective political parties provide. Rule II, section 1 of the Rules of the Republican Party, on file in the Office of the County Board of Elections in Chester County, provides that each election district shall elect one male and one female member of the Republican County Committee biannually at the primary election for the nomination of candidates for the legislature. Inasmuch as the election of county committee members is thus required by Rules of the Republican Party in Chester County, section 902 of the Election Code[2] makes such election subject to the provisions of the Election Code.

Section 912[3] of the Election Code provides, in material part, that a nomination petition for the office of Committeewoman of the Republican Party contain the signatures of at least 10 registered and enrolled

---

[1] June 3, 1937, P. L. 1333, art. VIII, sec. 807, 25 PS § 2837.

[2] June 3, 1937, P. L. 1333, art. IX, sec. 902; May 23, 1949, P. L. 1656, sec. 6, 25 PS § 2862.

[3] June 3, 1937, P. L. 1333, art. IX, sec. 912; April 20, 1949, P. L. 619, sec. 1; May 16, 1951, P. L. 302, sec. 1; 25 PS § 2872(f).

members of the Republican Party. The Milliken petition in the case at bar bears the signatures of 11 persons in the spaces designated for the signatures of electors, and the registration and enrollment of such persons as Republican electors is not challenged.

Section 908 of the Election Code, 25 PS §2868, provides that each signer of a nomination petition shall sign only one such petition for each office to be filled. Inasmuch as the cited rule of the Republican Party provides that only one female may be elected a member of the county committee from each election district, it is thus apparent that a registered Republican elector may sign only one nomination petition for the office of Committeewoman in Chester County.

An examination of the Milliken petition reveals the signature of one Mary J. Launi as having been affixed thereto as an elector on March 12, 1974. The nomination petition of the said Kathryn E. S. Wood also bears the signature of Mary J. Launi and indicates that it was affixed thereto on the same date, March 12, 1974. Section 977 of the Election Code, 25 PS §2937, provides that if a person signs nomination petitions for a greater number of candidates than permitted, and such signatures bear the same date, then such signatures shall not be counted on *any* such nomination petition. Accordingly, the signature of Mary J. Launi may not be counted as a signature on the Milliken petition, thereby reducing the number of the electors thereon to ten.

The Milliken petition also bears the signature of one Letitia S. Hemphill, affixed thereto on March 11, 1974. The nomination petition of Gloria Jean E. DiMarzio also bears the signature of the said Letitia S. Hemphill, affixed thereto on February 28, 1974. Section 977 of the Election Code provides, in material part, that in the event a person signs nomination petitions for a

greater number of candidates than permitted, and such signatures bear different dates, then such signatures shall be counted in the order of their priority of date for only so many persons as there are candidates to be nominated. Inasmuch as there is only one candidate to be nominated for committeewoman, and Letitia S. Hemphill signed the Milliken petition 12 days after she had signed the DiMarzio petition, her signature cannot be counted on the Milliken petition, thereby reducing the number of electors on the Milliken petition to nine, one less than the minimum number required by section 912 of the Election Code, 25 PS §2872.

Section 977 of the Election Code also provides that in the event the court shall find that a nomination petition does not contain a sufficient number of genuine signatures of electors entitled to sign the same, such petition shall be set aside. Having determined that the Milliken petition contains only nine such signatures, the court should grant the prayer of the petition to strike, and set the Milliken petition aside. However, the candidate, Constance G. Milliken, argues that she signed the candidate's affidavit on the reverse side of the petition, and that such signature should be considered as the signature of an elector as well, in order to satisfy the deficiency. The court does not agree.

The Election Code does not prescribe the specific form of a nomination petition, but does specify in several sections thereof the contents of such petition. Section 201 of the Election Code, 25 PS §2621(a), however, imposes the duty upon the Secretary of the Commonwealth to determine the form of nomination petitions, and in the case of the office of committee members, section 907, 25 PS §2867, specifically provides that the names of such candidates may appear

on the official primary ballot only upon the filing of separate nomination petitions in form prescribed by the Secretary of the Commonwealth. There is no suggestion that the Milliken petition is in form other than as prescribed by the secretary, and the court, accordingly, accepts it as such.

The petition contains 15 horizontal lines or spaces, divided by vertical lines into four principal columns, headed, "Signature of Elector," "Place of Residence," "Occupation," and "Date of Signing." Such spaces are obviously intended for the signatures of electors petitioning the County Board of Elections to print the name of the candidate upon the primary ballot. The qualifications of such signers, the manner in which they must sign, and the information each must include on the petition are the subjects of section 908 of the Election Code, 25 PS §2868.

The petition also contains the affidavit of the circulator, and the manner in which that person must sign. The information required to be set forth in the circulator's affidavit is the subject of section 909 of the Election Code, 25 PS §2869.

The petition further contains the affidavit of the candidate. The matters required to be included in the candidate's affidavit are the subject of yet another section of the Election Code, section 910, 25 PS §2870.

Thus, the legislature itself, as well as the Secretary of the Commonwealth, recognized that signatures in three separate capacities would appear on nomination petitions. There is no suggestion in the Election Code or in the case law interpreting and applying the same that a single signature appearing in any one capacity may thereby be used interchangeably. It defies all logic, for example, to argue that had Constance G. Milliken signed her petition as an elector but omitted to execute the candidate's affidavit, that such defect

might be cured by considering her signature as an elector to be her signature as a candidate as well.

While aware that the Election Code is to be liberally construed so as not to deprive an individual of the right to run for office, or the voters the right to elect a candidate of their choice, Stout v. Helm, 85 Dauph. 190 (1966), we believe the form of a nomination petition to be quite clear, and in order to be considered and counted as a petitioner-elector, such elector must sign in the place designated for such purpose by the Secretary of the Commonwealth.

It should be noted that close observation reveals an additional defect appearing on the face of the Milliken petition. Section 908 of the Election Code, 25 PS §2868 requires that an elector signing a nomination petition also add his occupation and residence, and the date of signing. Such information must be written by the elector himself: Lavery's Nomination Papers, 4 D. & C. 437 (1923); In Re: Deitrich Nomination Petition, 37 Northumb. L. N. 109 (1965).

It is, of course, true that the occupation and residence of Constance G. Milliken, and the date of signing appear on the petition. We are not advised, however, that such information is in the hand of candidate Milliken. In fact, in the case of the date, comparison quickly reveals that such is *not* in the hand of Constance G. Milliken, but rather, in the hand of Evelyn E. Ross, the notary public. Accordingly, even if the signature of Constance G. Milliken appeared on the petition in a space designated for the signature of an elector, her failure to add the date of signing in her own hand would require that such signature be stricken.

In view of our disposition, we do not reach the constitutional question posed at argument as to whether the rules of the Republican County Commit-

tee, requiring as they do that one male and one female be elected from each election district, violate the Equal Rights or other amendments to or provisions of the Constitutions of the United States and Pennsylvania.

## ORDER

And now, to wit, April 29, 1974, the petition of Gloria Jean E. DiMarzio to set aside the nomination petition of Constance G. Milliken is hereby granted and the said nomination petition is hereby set aside.